Beth E. Terrell, WSBA #26759
Erika L. Nusser, WSBA #40854
Attorneys for Plaintiffs
TERRELL MARSHALL DAUDT
  & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528
Email:  bterrell@tmdwlaw.com
Email:  enusser@tmdwlaw.com

[Additional Counsel Appear On Signature Page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT and DANELLE BLANGERES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES SEAMLESS, INC., and KAYCAN LIMITED,<br><br>Defendants. | Case No.  CV-13-260-LRS<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Robert and Danelle Blangeres ("Plaintiffs"), individually and on behalf of themselves and all others similarly situated, by their undersigned attorneys, upon personal knowledge as to themselves, upon information and belief, and based upon the investigation of their Counsel, allege as follows:

CLASS ACTION COMPLAINT - 1

# I. INTRODUCTION

1.      This is a consumer class action on behalf of all persons, organizations, municipalities, corporations and entities that own property which incorporated seamless steel siding ("Siding") that was designed, manufactured, marketed, warranted, sold and/or distributed by United States Seamless, Inc. and KAYCAN Limited ("Defendants").

2.      Defendants market their Siding as durable and warrant against rusting, blistering, chipping, peeling, or flaking, as well as certain other manufacturing defects.  Defendants offer a Lifetime Non-Prorated, Transferable Limited Warranty for their Siding.

3.      The Siding manufactured and sold by Defendants is defectively designed and manufactured such that it peels within the original warranty period.

4.      The defects present in Defendants' Siding are so severe that Plaintiffs and Class Members must repair or replace their Siding sooner than reasonably expected, at significant cost.  Moreover, Defendants' Siding is uniformly defective such that Plaintiffs' and Class Members' Siding fails well before the time period advertised, marketed, and guaranteed by Defendants.

5.      Defendants knew or reasonably should have known that the Siding is defective and that such defects would cause damage to the homes of Plaintiffs and the Class Members.  Moreover, Defendants concealed the defective nature of the

CLASS ACTION COMPLAINT - 2

Siding from the Plaintiffs and Class Members and refused to honor warranties on the Siding.

## II. JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d)(2).  The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and some of the Plaintiffs and Class Members are citizens of states other than North Dakota and Colorado, which are the Defendants' states of citizenship.

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.  Venue is also proper under 18 U.S.C. §1965(a) because the Defendants transact substantial business in this district.

## III. PARTIES

**Plaintiffs Robert and Danelle Blangeres**

8.      Plaintiffs Robert and Danelle Blangeres are residents of Spokane, Washington.

9.      Plaintiffs purchased their Siding from Defendants in March, 1999 for approximately $20,000.  In 2011, Plaintiffs started to notice that the coating on the Siding was peeling off on various sections of their house.  Upon noticing these problems, Plaintiffs reasonably contacted Defendants to make a claim under their

life-time warranty. Defendants, instead of honoring Plaintiffs' warranty upon notice of the failure, informed Plaintiffs they did not properly follow the registration directions on their warranty and denied the claim. Plaintiffs have filed numerous letters with the Washington State Attorney General's office and the Better Business Bureau to no avail.

10.    The following photos are a sampling of the external problems Plaintiffs have experienced as a result of using Defendants' Siding:





**Defendants United States Seamless, Inc. and KAYCAN Limited**

11.    Defendant United States Seamless, Inc. ("U.S. Seamless") is a North Dakota corporation with its principal place of business located in Fargo, North Dakota.    In addition to manufacturing seamless steel siding, U.S. Seamless develops and franchises businesses that sell and install its Siding and similar products.

12.    Defendant KAYCAN Limited ("KAYCAN Limited") is a Colorado corporation with its principle place of business located in Pointe-Claire Quebec, Canada.  KAYCAN Limited designs and manufactures steel Siding.

## IV. FACTUAL ALLEGATIONS

**Background**

13.    Defendants sell or distribute their Siding throughout the United States for installation on homes, commercial buildings, and other structures.  The Siding is or was installed on Plaintiffs' home and is or was installed on the homes and other structures of the members of the Class defined below.

14.    Defendant U.S. Seamless's website markets and warrants its Siding as durable. The Siding is sold with a "Lifetime Non-Prorated, Transferable Limited Warranty."  Defendant made this representation before purchase and at the time of purchase via sales brochures and marketing materials (including but not limited to store displays, sales seminars, and training materials). The industry and consumers appropriately rely on the warranty and marketing nomenclature.

15.    Defendant U.S. Seamless's website, which is available to its building professionals and Members of the Class defined below, at and before the time of sale, states, among other things:

> Seamless steel siding is the number one choice for the homeowner who wants durability and beauty, along with the time-saving benefits of a completely maintenance-free exterior.   Trust  your  home  to  a  United  States  Seamless

professional and you'll never have to worry about the exterior of your home again.

16.    The website further states:

Unmatched performance, element resistance, seamless appearance, unparalled durability, maintenance freedom, full product line, a superior warranty and earth friendly products are just a few of the reasons United States Seamless is the best siding money can buy.

Best of all, you will never have to paint or stain your home again.

Our seamless steel siding will help your home retain its beauty year after year, and will add value.

17.    Concerning Platinum Series steel siding, Defendant U.S. Seamless's website states:

Whether you're remodeling or building a new home, United States Seamless® exclusive Platinum Series™ will provide you with a beautiful, durable and energy efficient exterior that performs better than any vinyl, wood or fiber cement products.

Platinum Series™ Seamless Steel Siding from United States Seamless® not only frees you from time consuming maintenance you are free from seams, fading, chipping, flaking, cracks, dents, warping, bubbles and so much more.

With the Platinum Series™ from United States Seamless Steel Siding there's no need for priming, caulking, painting or patching to maintain the appearance of your home. Your siding will look like freshly painted wood for years to come with little more than routine cleaning.

CLASS ACTION COMPLAINT - 7

18.    Defendant KAYCAN Limited's website, which is available to its building professionals and Members of the Class defined below, at and before the time of sale, states, among other things:

- Unparalleled quality.

- State of the art manufacturing.

- Kaycan is a market leader because of our passion for quality, which delivers exceptional value to our customers. The standards of excellence that distinguish Kaycan products include superior performance, outstanding beauty, durability and low maintenance.

- As a family owned and operated company for over four decades, quality care, reliability and trust remain our most important values.

- Kaycan as always been extremely committed to research and development. Being a market leader means always searching for new ways to provide better value to our customers.

19.    Defendants' Siding has not lived up to Defendants' representations and given the unexpected maintenance and premature repair and replacement – at significant cost to consumers – has not proven to be of value when compared to other siding products.

20.    The Siding manufactured, marketed, advertised and sold by Defendants is defectively designed and manufactured such that it prematurely fails, causing premature peeling of the coating and other damage that diminishes the value of the structures owned by Plaintiffs and other members of the Class defined

CLASS ACTION COMPLAINT - 8

below.  Plaintiffs and other members of the Class sustain a loss in property value that is attributable to the damage caused by Defendants' defective Siding.

21.    The defects present in Siding are so severe that Plaintiffs and the Class must repair or replace their Siding, causing damage to the Plaintiffs' and the Class' structures during the repair or replacement process.

22.    Defendants' Siding is uniformly defective such that Plaintiffs' and Class Members' Siding is failing before the time period advertised, marketed, and guaranteed by Defendants or otherwise expected by ordinary consumers purchasing siding.

23.    Defendants knew or reasonably should have known that the Siding is defective as designed and manufactured such that the product fails prematurely. The outward manifestation of the Siding failure is peeling of the coating and other damage. In short, the Siding does not perform in accordance with the reasonable expectations of consumers that such products be durable and suitable for use as building products.

**Defendants' Acts and Omissions Have Damaged Plaintiffs and the Members of the Class**

24.    As a result of the defects and failures complained of herein, Plaintiffs and Members of the Class defined below have suffered actual damages.  The Siding on their homes, buildings, and other structures has failed and will continue to fail prematurely compared to the time expected by ordinary consumers, the time

CLASS ACTION COMPLAINT - 9

marketed by Defendants, and the time warranted by Defendants, requiring them to expend large sums of money to repair the damage associated with the incorporation of the Siding into their homes, buildings, and other structures, and to prevent such damage from continuing.

25.    At all relevant times, Defendants had a duty to disclose to Plaintiffs and the Class that their Siding was defective, prone to foreseeable and uniform problems, such as the problems described herein, and otherwise was inherently flawed in its design such that the Siding was not suitable for use as an exterior building material.

26.    Because the defects in the Siding are latent and not detectable until manifestation, Plaintiffs and members of the Class defined below were not reasonably able to discover that their Siding was defective until after installation, despite the exercise of due diligence.  Indeed, at the time of first sale, building and construction professionals would not be able to detect the latent defect unless they subjected the Siding to their own testing, modeling or analysis.  Defendants, however, possessed the resources and information necessary to determine that the Siding was defective.  Moreover, Defendants possessed the complaints necessary to know that the Siding was uniformly defective and subject to premature wear.

27.    The Siding manufactured and sold by Defendants is defectively designed and manufactured such that it fails prematurely, causing damage to the

CLASS ACTION COMPLAINT - 10

property of Plaintiffs and members of the Class defined below and forcing them to repair or replace their Siding sooner than reasonably expected, marketed and/or warranted.

28.    Plaintiffs seek to recover, for themselves and members of the Class defined below, the costs of repairing the damage to their property and replacing their Siding, the costs of this action, including attorneys' fees and expenses, and injunctive relief requiring Defendants to replace their defective Siding and modify their warranty claims process to uniformly provide relief in accordance with their obligations under the law, and any other relief determined appropriate.

## V. CLASS ACTION ALLEGATIONS

29.    Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated as Class Members pursuant to Rule 23(a) and (b)(3) on behalf of the following classes:

    a.    **Nationwide class:** All persons, organizations, municipalities, corporations and entities that own or owned property, whether commercial or residential, which incorporated Defendants' Siding since 1986. Excluded from the Nationwide Class are Defendants, Defendants' employees, Defendants' subsidiaries, the Judge to which this case is assigned and the immediate family of the Judge to which this case is assigned.

        **or**

    b.    **State of Washington class:** All persons, organizations, municipalities, corporations and entities that own or owned property, whether commercial or residential,

CLASS ACTION COMPLAINT - 11

which incorporated Defendants' Siding since 1986. Excluded from the State of Washington Class are Defendants, Defendants' employees, Defendants' subsidiaries, the Judge to which this case is assigned and the immediate family of the Judge to which this case is assigned.

30.    In the alternative to these Classes, Plaintiffs bring this action on behalf of the following subclasses:

    a.    **Nationwide class:** All persons, organizations, municipalities, corporations and entities that own or owned property, whether commercial or residential, which incorporated Defendants' Siding since 1986 and that did not register their warranty. Excluded from the Nationwide Class are Defendants, Defendants' employees, Defendants' subsidiaries, the Judge to which this case is assigned and the immediate family of the Judge to which this case is assigned.

        **or**

    b.    **State of Washington class:** All persons, organizations, municipalities, corporations and entities that own or owned property, whether commercial or residential, which incorporated Defendants' Siding since 1986 and that did not register their warranty. Excluded from the State of Washington Class are Defendants, Defendants' employees, Defendants' subsidiaries, the Judge to which this case is assigned and the immediate family of the Judge to which this case is assigned.

31.    Plaintiffs reserve the right to re-define these Classes prior to class certification.

32.    Plaintiffs are members of the Class that they seek to represent.

CLASS ACTION COMPLAINT - 12

33.    The proposed Class is so numerous that the individual joinder of all its members in this or any action is impracticable. The exact number of Class Members is presently unknown to Plaintiffs, but it is believed to comprise hundreds, if not thousands, of individuals and entities, thereby making joinder impractical. The proposed Class is composed of an easily ascertainable, self-identifying set of individuals and entities that purchased Defendants' Siding or have Defendants' Siding incorporated on their structures. The number of Class Members can be determined through appropriate discovery.

34.    Common questions of fact and law exist as to all Class Members which predominate over questions affecting only individual members. These include, but are not limited to, the following:

a.    Whether Defendants have breached the express warranty pertaining to the Siding;

b.    Whether Defendants were aware of the defect in the Siding before the Siding left the Defendants' control;

c.    Whether Defendants have breached the implied warranties pertaining to the Siding;

d.    Whether, by the misconduct set forth in this Complaint, Defendants have engaged in unfair or deceptive business practices with respect to the sale of the subject Siding;

CLASS ACTION COMPLAINT - 13

e.      Whether the Defendants have breached contracts entered with Class Members;

f.      Whether Defendants have been unjustly enriched by the sale of the Siding to Plaintiffs and Class Members;

g.      Whether Defendants had a duty to disclose defects to Plaintiffs and the Class;

h.      Whether Defendants were negligent in selling their Siding; and

i.      Whether Plaintiffs and Class Members are entitled to declaratory and injunctive relief.

35.     Plaintiffs' claims are typical of the claims of the Members of the Class because they and all Class Members have purchased Defendants' Siding, or own or have owned a structure that incorporated Siding and have been placed in the stream of commerce by Defendants, all of which are substantially identical.

36.     The factual basis of Defendants' misconduct is common to all of the Class Members and represents a common thread of fraudulent misconduct, deceptive trade practices, negligence and breach of warranty resulting in injury to all members. Plaintiffs are asserting the same rights, making the same claims, and seeking the same relief for themselves and all other Members of the Class.

37.     Plaintiffs are adequate representatives of the Class because they are members of the Class and do not have interests that conflict with those of the Class

CLASS ACTION COMPLAINT - 14

Members they seek to represent.  Plaintiffs are represented by experienced and able counsel who have litigated numerous class action lawsuits, and Plaintiffs' counsel intend to prosecute this action vigorously for the benefit of the Class.  Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Class.

38.    A class action is the best available method for the efficient adjudication of this litigation.  It would be impracticable and undesirable for each Class Member who has suffered or may suffer harm to bring a separate action for these claims.  In addition, the commencement of separate actions would put a substantial and unnecessary burden on the courts, while a single class action can determine the rights of all Members of the Class with judicial economy.  The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.  Defendants' actions are generally applicable to the Class as a whole, and Plaintiffs, on behalf of the Class, seek damages and injunctive relief described herein. Defendants' systemic policy and practices make declaratory relief with respect to the Class as a whole appropriate.

CLASS ACTION COMPLAINT - 15

# VI. CAUSES OF ACTION

## COUNT ONE

### BREACH OF EXPRESS WARRANTY

39.    Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

40.    Defendants designed, developed, tested, manufactured, distributed, marketed and sold their Siding into the stream of commerce with the intent that the Siding would be purchased by Plaintiffs and members of the Class.

41.    Defendants expressly warranted that the Siding is durable and long lasting.  Defendants' representations through its written warranties regarding the durability and quality of the Siding created express warranties which became part of the bargain Plaintiffs and Members of the Class entered into when they purchased the Siding.

42.    Defendants expressly warranted that the structural integrity of the Siding purchased by Plaintiffs and Class Members would last a lifetime.

43.    Defendants breached their express warranties to Plaintiffs and the Class in that Defendants' Siding is not permanent as it did not, and does not, maintain its exterior coating and perform as warranted.  Defendants' Siding prematurely fails and is subject to premature peeling of the coating.  Defendants

CLASS ACTION COMPLAINT - 16

knew that the Siding was subject to premature failure and yet they continued to market, distribute and sell the Siding.

44. Defendants' warranties fail their essential purpose because they purport to warrant that the Siding will be free from structural breakdowns for a lifetime when, in fact, Defendants' Siding fails far short of the applicable warranty period.

45. Moreover, because the warranties limit Plaintiffs' and Class Members' recovery to replacement of the Siding piece by piece, with replacement labor not included, Defendants' warranties are woefully inadequate. The remedies available in Defendants' warranties are limited to such an extent that they do not provide a minimum adequate remedy.

46. The limitations on remedies and the exclusions in Defendants' warranties are unconscionable and unenforceable.

47. Defendants have denied or failed to pay in full the warranty claims or have not responded to warranty claims.

48. Plaintiffs and the Class Members are in privity with Defendants because Defendants' sale of its Siding was either direct or through an authorized distributor. In addition, privity exists because Defendants made express representations to Plaintiffs and the Class about the nature and quality of the Siding and Plaintiffs and Class Members are either directly in contract with Defendants

CLASS ACTION COMPLAINT - 17

through Defendants' express warranty or are third party beneficiaries to the contracts between Defendants and its distributors.

49.    As a result of Defendants' breach of their express warranties, Plaintiffs and the Class have suffered actual damages in that they purchased and installed on their homes and other structures an exterior Siding product that is defective and that has failed or is failing prematurely due to improper design.  This failure has required or is requiring Plaintiffs and the Class to incur significant expenses in repairing or replacing their Siding.  Replacement is required to prevent on-going and future damage to the structures or interiors of Plaintiffs' and Class Members' homes and structures.

50.    Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for the establishment of a common fund, plus attorneys' fees, interest and costs.

## COUNT TWO

### BREACH OF IMPLIED WARRANTY

51.    Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

52.    At all times mentioned herein, Defendants manufactured or supplied Siding, and prior to the time said Siding was purchased by Plaintiffs, Defendants

impliedly warranted to Plaintiffs, and to Plaintiffs' agents, that the product was of quality and fit for the use for which it was intended.

53.     Plaintiffs and Plaintiffs' agents relied on the skill and judgment of the Defendants in using the aforesaid product.

54.     The product was unfit for its intended use and it was not of merchantable quality, as warranted by Defendants, in that it had a propensity to break down and fail to perform and protect when put to its intended use.  The aforesaid product did cause Plaintiffs to sustain damages as herein alleged.

55.     The Siding was similarly unfit for its particular purpose; that is, to provide durable, long-lasting, suitable protection.

56.     Plaintiffs and the Class are in privity with Defendants because Defendants made express representations to Plaintiffs and the Class about the nature and quality of the Siding and Plaintiffs and Class Members are either directly in contract with Defendants through Defendants express warranty or are third party beneficiaries to the contracts between Defendants' and its distributors.

57.     After Plaintiffs were made aware of Plaintiffs' damages as a result of the aforesaid Siding, notice was duly given to Defendants of the breach of said warranty.

CLASS ACTION COMPLAINT - 19

58.     Defendants failed to provide adequate remedy and added additional terms to the warranties which independently caused the purported warranty to fail its essential purpose, thereby permitting remedy under implied warranties.

59.     As a direct and proximate result of the breach of said warranties, Plaintiffs and the Class Members suffered and will continue to suffer loss as alleged herein in an amount to be determined at trial.

60.     Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each Member of the Class, for the establishment of a common fund, plus attorneys' fees, interest and costs.

## COUNT THREE

### VIOLATION OF THE WASHINGTON
### CONSUMER PROTECTION ACT

61.     Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

62.     Defendants are manufacturers, marketers, sellers and/or distributors of the Siding.

63.     The conduct described above and throughout this Complaint constitutes unfair or deceptive acts or practices in violation of §19.86.010 of the Washington Consumer Protection Act (hereinafter, "WCPA"), RCW §19.86.010, *et seq*.

CLASS ACTION COMPLAINT - 20

64. Alternatively, similar statutes, identical in their material respects, are in effect in many jurisdictions within the United States.

65. In violation of the WCPA, Defendants omitted and/or concealed facts from Plaintiffs and members of the Class regarding the quality, characteristics, benefits and/or uses of the Siding.

66. The omissions described herein were likely to deceive consumers into purchasing the Siding.

67. As a direct and proximate cause of the violations of the WCPA, described above, Plaintiffs and other Members of the Class have been injured in that they have purchased the defective Siding for personal, family or household purposes based on nondisclosure of material facts alleged above.

68. Defendants knew or should have known that the Siding was defective, would fail prematurely, was not suitable for use as an exterior siding product, and otherwise was not as warranted and represented by Defendants.

69. Defendants deceived and continue to deceive consumers. This conduct constitutes unfair or deceptive acts or practices within the meaning of the WCPA. This illegal conduct is continuing with no indication that Defendants will cease and/or has a substantial likelihood of being repeated. The acts complained of herein were and are capable of deceiving a substantial portion of the public.

CLASS ACTION COMPLAINT - 21

70.    Defendants acted willfully, knowingly, intentionally, unconscionably and with reckless indifference when they committed these acts of consumer fraud.

71.    Defendants' unfair and deceptive acts and practices affect the public interest.  Further, the unfair and deceptive acts and practices were committed in the general course of Defendants' business and have already injured thousands of individuals nationwide.   There is a likelihood Defendants' practices will injure other members of the public.

72.    As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Plaintiffs and other Members of the Class suffered injury in fact and will suffer damages, which include, without limitation, cost to inspect, repair and/or replace their Siding and other property in an amount to be determined at trial.

73.    As a result of the acts of consumer fraud described above, Plaintiffs and the Class have suffered ascertainable loss – actual damages that include the purchase price of the products – for which the Defendants are liable to the Plaintiffs and the Class for their ascertainable losses, exemplary damages, plus attorneys' fees and costs, along with equitable relief prayed for herein.

## COUNT FOUR

### BREACH OF CONTRACT

74.    Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

75.    Plaintiffs and the Class Members have entered into certain contracts and warranty agreements with Defendants, including an express warranty. Pursuant to these contracts and agreements, including the express warranty, Defendants would provide Plaintiffs and Class Members with Siding that was of merchantable quality and fit for the use for which it was intended.  Defendants were further obligated pursuant to the express warranty to repair or replace any defects or problems with the Siding that Plaintiffs and Class Members experienced. In exchange for these duties and obligations, Defendants received payment of the purchase price for the Siding from Plaintiffs and Class Member.

76.    Plaintiffs and the Class satisfied their obligations under these contracts, warranties, and agreements.

77.    Defendants failed to perform as required by the express warranty and breached said contracts and agreements because they provided Plaintiffs and the Class with Siding that was defective and unfit for its intended use and failed to appropriately repair or replace the Siding.

78.    As a result of the foregoing, Plaintiffs and the Class are entitled to compensatory damages in an amount to be proven at trial.

## COUNT FIVE

### FRAUDULENT CONCEALMENT

79.    Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

80.    At all times mentioned herein, Defendants, through their experience, were in a position of superiority to Plaintiffs and the Class and had the duty and obligation to disclose to Plaintiffs the true facts and  their knowledge concerning the Siding; that is that said product is defective, would prematurely fail, and otherwise was not as warranted and represented by Defendants.  Defendants made the affirmative representations as set forth in this Complaint to Plaintiffs, the Class, and the general public prior to the date Plaintiffs purchased the Siding, while at the same time concealing the material defects described herein.  All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

81.    The facts concealed or not disclosed by Defendants to Plaintiffs and the Class are material facts in that a reasonable person would have considered those facts to be important in deciding whether or not to purchase Siding.

82.    At all times mentioned herein, Defendants intentionally, willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiffs with the intent to defraud as herein alleged.

83.    At all times mentioned herein, Plaintiffs and Members of the Class reasonably relied on Defendants to disclose those material facts set forth above.  If Defendants had disclosed the above facts to Plaintiffs and Class and had they been aware of the said facts, they would have negotiated additional warranty coverage, negotiated a lower price to reflect the risk, or simply avoided the risk all together by purchasing different siding.

84.    Defendants continued to conceal the defective nature of their Siding even after members of the Class began to report problems.  Indeed, Defendants continue to cover up and conceal the true nature of the problem.

85.    As a result of the previous and continued concealment or suppression of the facts set forth above, Plaintiffs and the Class Members sustained damages in an amount to be determined at trial.

## COUNT SIX

### UNJUST ENRICHMENT

86.    Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

CLASS ACTION COMPLAINT - 25

87.    Plaintiffs and the Class have conferred substantial benefits on Defendants by purchasing Siding, and Defendants have knowingly and willingly accepted and enjoyed these benefits.

88.    Defendants either knew or should have known that the payments rendered by Plaintiffs and the Class were given and received with the expectation that the Siding would perform as represented and warranted. For Defendants to retain the benefit of the payments under these circumstances is inequitable.

89.    Defendants' acceptance and retention of these benefits under the circumstances make it inequitable for Defendants to retain the benefit without payment of the value to the Plaintiffs and the Class.

90.    Plaintiffs and the Class are entitled to recover from Defendants all amounts wrongfully collected and improperly retained by Defendants, plus interest thereon.

91.    As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiffs and the Class are entitled to an accounting, restitution from, and institution of, a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendants, plus attorneys' fees, costs, and interest thereon.

CLASS ACTION COMPLAINT - 26

## COUNT SEVEN

### INTENTIONAL MISREPRESENTATION

92.    Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

93.    Defendants had a duty to Plaintiffs and the Class to not engage in fraud in the course of marketing, selling, and warranting the Siding.

94.    Defendants willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of their Siding, as well as on websites, in various media advertising, and in point of sale materials disseminated or caused to be disseminated by Defendants and their officers, agents, representatives, servants, or employees of Defendants, acting within the line and scope of their authority, so employed to merchandise and market the Siding.

95.    Defendants misrepresented and failed to inform Class Members of the defects the Defendants knew existed in the Siding.

96.    Defendants' representations were made with the intent that the general public, including Plaintiffs and Class members, rely upon them.

97.    Defendants' representations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof.

98.    In    actual    and    reasonable    reliance    upon    Defendants' misrepresentations, Plaintiffs and Class Members purchased Siding for its intended

CLASS ACTION COMPLAINT - 27

and reasonably foreseeable purposes. Plaintiffs and Class Members were unaware of the true facts concerning the effectiveness of the Siding, which had not been disclosed. If Plaintiffs and Class Members had been aware of the suppressed facts, Plaintiffs and Class Members would not have purchased the Siding at such a price premium.

99.    Plaintiffs and Class members are informed and believe, and thereon allege, that Defendants misrepresented material facts with the intent to defraud Plaintiffs and Class Members. Plaintiffs and Class Members were unaware of the intent of Defendants and relied upon these representations in agreeing to purchase the Siding.

100. In actual and reasonable reliance upon Defendants' misrepresentations, Plaintiffs and Class Members purchased Siding and did not benefit from the durability benefits as represented, the direct and proximate result of which was injury and harm to Plaintiffs and Class Members because:

    a.    they would not have purchased Siding priced higher than competing brands if the true facts concerning its likelihood of failing prematurely had been known;

    b.    they paid a price premium due to the mislabeling of the Siding as more beneficial to their houses and other properties than they actually were;

    c.    the Siding did not perform as promised; and

CLASS ACTION COMPLAINT - 28

d.      Plaintiffs and Class Members have paid and will continue to pay higher costs for the Siding as long as they continue to use the unsupported durability claims and lifetime warranty representations on its packaging.

## COUNT EIGHT

## NEGLIGENCE

101.   Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

102.  Defendants had a duty to Plaintiffs and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, and marketing of the Siding.

103.   Defendants breached their duty to Plaintiffs and the Class by designing, manufacturing, advertising, and selling to Plaintiffs and the Class a product that is defective and will fail prematurely, and by failing to promptly remove the Siding from the marketplace or to take other appropriate remedial action.

104.   Defendants knew or should have known that the Siding was defective, would fail prematurely, was not suitable for use as an exterior siding product, and otherwise was not as warranted and represented by Defendants.

105.   As a direct and proximate cause of Defendants' negligence, Plaintiffs and the Class have suffered actual damages in that they purchased and installed on

their homes, residences, buildings, and other structures an exterior siding product that is defective and that fails prematurely.  These failures have caused and will continue to cause Plaintiffs and the Class to incur expenses repairing or replacing their siding, including the resulting damage to their structures caused by replacing or repairing the Siding.

106.   Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for establishment of a common fund, plus attorneys' fees, interest and costs.

## COUNT NINE

### DECLARATORY AND INJUNCTIVE RELIEF

107.   Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

108.   Plaintiffs, on behalf of themselves and putative Class Members, seek a Court declaration of the following:

a.      All Defendants' Siding has a defect in workmanship and material that causes failures;

b.      Defendants knew of the defects in its Siding and that the limitations contained in the warranties are unenforceable;

c.    Defendants shall re-audit and reassess all prior warranty claims on its Siding, including claims previously denied in whole or in part, where the denial was based on warranty or other grounds; and

d.    Defendants shall establish an inspection program and protocol to be communicated to Class members, which will require Defendants to inspect upon request, a Class Member's structure to determine whether a Siding failure is manifest.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this case be certified and maintained as a class action and for judgment to be entered upon Defendants as follows:

A.    For economic and compensatory damages on behalf of Plaintiffs and all members of the Class;

B.    For restitution;

C.    For actual damages sustained or treble damages;

D.    For injunctive and declaratory relief, as claimed herein;

E.    For reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action; and

F.    For such other and further relief as this Court deems just and appropriate.

CLASS ACTION COMPLAINT - 31

## VIII. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims so triable.

RESPECTFULLY SUBMITTED AND DATED this 12th day of July, 2013.

TERRELL MARSHALL DAUDT
& WILLIE PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
    Beth E. Terrell, WSBA #26759
    Erika L. Nusser, WSBA #40854
    Attorneys for Plaintiffs
    936 North 34th Street, Suite 400
    Seattle, Washington  98103
    Telephone:  (206) 816-6603
    Facsimile:  (206) 350-3528
    Email:  bterrell@tmdwlaw.com
    Email:  enusser@tmdwlaw.com

    Charles J. LaDuca
    Brendan S. Thompson
    Attorneys for Plaintiffs
    CUNEO GILBERT & LADUCA, LLP
    8120 Woodmont Avenue, Ste. 810
    Bethesda, Maryland  20814
    Telephone:  (202) 789-3960
    Facsimile:  (202) 789-1813
    Email:  charles@cuneolaw.com
    Email:  brendant@cuneolaw.com

    Michael McShane
    Attorneys for Plaintiffs
    AUDET & PARTNERS, LLP
    221 Main Street, Suite 1460
    San Francisco, California   94105
    Telephone:  (415) 568-2555
    Facsimile:  (415) 568-2556
    Email:  mmcshane@audetlaw.com

1       Robert K. Shelquist

2       Attorneys for Plaintiffs

         LOCKRIDGE GRINDAL NAUEN, PLLP

3       100 Washington Avenue South, Suite 2200

4       Minneapolis, Minnesota  55401

         Telephone:  (612) 339-6900

5       Facsimile:  (612) 339-0981

6       Email:  rkshelquist@locklaw.com

7       Gary E. Mason

8       Attorneys for Plaintiffs

         WHITFIELD BRYSON & MASON LLP

9       1625 Massachusetts Ave, NW, Suite 605

10     Washington, DC  20036

        Telephone:  (202) 429-2290

11     Facsimile:  (202) 429-2294

12     Email:  gmason@wbmllp.com

13     Charles Schaffer

14     Attorneys for Plaintiffs

        LEVIN, FISHBEIN, SEDRAN & BERMAN

15     510 Walnut Street, Suite 500

16     Philadelphia, Pennsylvania  19106-3697

        Telephone:  (215) 592-1500

17     Facsimile:  (215) 592-4663

18     Email:  cschaffer@lfsblaw.com