# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT and DANELLE BLANGERES, individually and on behalf of all similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES SEAMLESS, INC., K.B.P COIL COATERS, INC., and KAYCAN LIMITED,<br><br>　　　　Defendants. | No. 2:13-cv-00260-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Joint Motion for Summary Judgment, ECF No. 107. A hearing on the motion was held on December 4, 2015, in Spokane, Washington. Plaintiff was represented by Jonas Mann. Defendants were represented by Herbert Munson, Patrick Paulich, and David Bloom. Gregory Arpin and Albert Bower participated as local counsel.

### MOTION STANDARD

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1**

genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party had the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

### BACKGROUND FACTS

The following facts are presented in the light most favorable to Plaintiffs, the non-moving party:

Plaintiffs purchased siding from Hadley's Siding & Windows in March, 1999. Hadley's was a franchisee of Defendant United States Seamless. Plaintiffs chose the siding that was provided by Defendant United States Seamless after hearing about it in a television ad. They liked the idea that the product did not have any seams in it and there was a lifetime warranty. They met with Mr. Hadley, who explained the lifetime warranty to them and they ultimately decided to purchase the siding and have it installed. They paid approximately $20,000 for the siding.

After the siding was installed, Plaintiffs were given some documents, including a single page "Lifetime Non-Prorated Transferable Limited Warranty."

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2**

The warranty states that:

United States Seamless Steel Siding is warranted by the Coil manufacturer, KAYCAN, LTD (KAYCAN) to the Owner of the property on which the Seamless steel siding (Siding) is installed, against rusting, cracking, blistering, chipping, peeling or flaking as a direct result of defects occurring in the manufacturing process, under normal weathering, and subject to the terms and conditions contained in this Limited Warranty. Subject to the other conditions of this Limited Warranty, in the event that the siding rusts, cracks, blisters, chips, peels, or flakes as a direct result of defects occurring in the manufacturing process, then KAYCAN will, at its sole option, repair, refinish, or replace the defective siding or, if repair, refinishing or replacement is not feasible, then KAYCAN shall refund to the owner the original purchase price (including pro-rated installation charges) for that portion of the siding found to be defective.

This Limited Warranty shall be effective, upon registration, as set forth below, and shall remain in effect as long as the original Homeowner lives and continues to own the property upon which the siding is installed.

The warranty contains the following paragraph with the heading ADDITIONAL EXCLUSIONS AND LIMITATIONS:

THIS LIMITED WARRANTY IS IN LIEU OF ALL OTHER EXPRESS OR IMPLIED WARRANTIES AND EXPRESSES THE SOLE AND EXCLUSIVE LIABILITY OF KAYCAN EXCEPT AS EXPRESSLY STATED HEREIN, THERE ARE NO OTHER WARRANTIES OR GUARANTEES ORAL OR WRITTEN EXPRESS OR IMPLIED FROM ANY COURSE OF DEALING OR USAGE OF TRADE AND ALL SUCH IMPLIED WARRANTIES, INCLUDING ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR INTENDED PURPOSE ARE EXPRESSLY DISCLAIMED.

In addition, the following paragraph is on the page with a section heading of "MANDATORY REGISTRATION":

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3**

> The obligations of KAYCAN under this Limited Warranty shall become effective only if the original property owner or owners fully and accurately complete, sign, and mail the attached registration card by certified mail to United States Seamless, Inc., Box 2426, Fargo, North Dakota, 58108-2426 within thirty days of the completed installation. If the Warranty is not timely registered, then KAYCAN shall have no obligation under this Limited Warranty.

The Warranty also included a CLAIMS PROCEDURE.

> Any claims for defects under this Warranty must be submitted by certified mail to United States Seamless, Inc. P.O. Box 2426, Fargo, ND 58108-2426 within the Warranty period, must include a $100 service and inspection fee for each incident, and shall be made within 30 days after discovery of the claims defect. All claims must describe the defect claims, the certificate number on the original Warranty, and contain a certification signed by a registered owner of the property that the legal title to the property is still in his or her name.

Accompanying the single page warranty was a page that included an Application for Warranty Transfer, an Application for Warranty Registration and a United States Seamless Market Research Survey. The Application for Warranty Registration section included the following instruction:

> To effect the original registration of this warranty, the application is to be completed and signed by both the United States Seamless franchisee and the original owner(s) of the property within 30 days after the installation has been completed and mailed to United States Seamless, Inc., P.O. Box 2426, Fargo, ND 58108-2426.

Mr. Hadley filled out and signed the Application for Warranty Registration, and it appears that he filled in Plaintiff's name and address. Plaintiff did not sign the Application, nor did he send it in within 30 days after the installation was complete. Mr. Hadley also did not send in the registration.

In 2011, portions of the siding began to blister and peel. In 2012, Plaintiffs called U.S. Seamless Siding to inquire about the warranty. They were told over

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~** 4

the phone that because no warranty registration card had been returned, there was nothing U.S. Seamless Siding could do about the warranty.

Defendant United States Seamless is a North Dakota corporation with its principal place of business located in Fargo, North Dakota. It markets coated seamless steel coil siding. It also develops and franchises businesses that sell and install siding and similar products.

Defendant United States Seamless obtained the siding used by Mr. Hadley from Defendant K.B.P. Coil Coaters, Inc. Defendant K.B.P. is incorporated in Delaware and its principal place of business is Colorado. As set forth above, Defendant Kaycan is the company that provided the Limited Lifetime Warranty. It is incorporated in Delaware and its headquarters are in Willison, Vermont.

Plaintiffs filed suit on July 12, 2013. Although the action was filed as a putative class action, the parties agreed an appropriate course of action would be for the Court to rule on Plaintiffs' individual claims before ruling on class certification. In their complaint, Plaintiffs allege (1) breach of express warranty; (2) breach of implied warranty; (3) violation of the Washington Consumer Protection Act; (4) breach of contract; (5) fraudulent concealment; (6) unjust enrichment; (7) intentional misrepresentation; (8) negligence; and (9) declaratory and injunctive relief.

## ANALYSIS

**A. Choice of Law**

In their written response, Plaintiffs argued that North Dakota law should apply to all their claims except the Washington Consumer Protection Act claims. ECF No. 116. At oral argument, however, counsel for Plaintiffs stated that he believed the outcome would be the same regardless of which law applied.

In diversity jurisdiction cases, federal courts apply the substantive law of the forum in which the court is located, including the forum's choice of law rules. *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015). Here,

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5**

because Plaintiff brought this action in the Eastern District of Washington, the Court will need to apply Washington choice of law rules.

"As a preliminary matter, when choice of law is disputed, 'there must be an actual conflict between the laws or interests of Washington and the laws or interests of another state before Washington courts will engage in a conflict of laws analysis.'" *Future Select Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wash.2d 954, 967 (2014) (quoting *Seizer v. Sessions*, 132 Wash.2d 642, 648 (1997)). If the result for a particular issue "is different under the law of the two states, there is a 'real' conflict." *Erwin v. Cotter Health Ctrs.*, 161 Wash.2d 676, 694 (2007) (citations omitted). "Where laws or interests of concerned states do not conflict, the situation presents "a 'false' conflict" and "the presumptive local law is applied." *Id.*

In their briefing, Plaintiffs did not address whether there was an actual conflict between North Dakota and Washington law. Based on their admission at oral argument, and the failure to identify any conflict in their brief, the Court finds there is not a "real" conflict between the laws of Washington and North Dakota, and declines to engage in the conflict analysis. Consequently, Washington law applies to all of Plaintiffs' claims.[1] *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 951 (9th Cir. 2005) (noting that if no material conflict exists, the court applies the forum law).

///
///

---

[1] The Court notes, however, that even if it were to complete the analysis, it is clear Washington law would apply to Plaintiffs' tort claims and contract claims. Applying the respective factors set out in the Restatement (Second) of Conflict of Laws §§ 145, 148, 188, Washington has the most significant relationship to the dispute.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6**

**1.     Plaintiffs' Contract Claims**

The Court grants Defendants' Motion for Summary Judgment with respect to Plaintiffs' breach of express warranty claim. Plaintiffs were given unequivocal information that they needed to return the warranty registration card and they failed to do so, thereby excusing Defendants from performing under the written warranty. No reasonable jury could find that an independent unwritten express warranty was given. Any statements made were limited by the written Limited Warranty document. *See* Wash. Rev. Code § 62A.2-316.[2]

Additionally, no reasonable jury could find that Defendants waived their right to enforce the warranty registration requirement against Plaintiffs because they honored certain claims where there was an independent verification of purchase. A party to a contract may waive a contract provision, which is meant for its benefit, and may imply waiver through its conduct. *Mike M. Johnson v. County of Spokane*, 150 Wash.2d 375, 386 (2003). Waiver by conduct, however, "requires unequivocal acts of conduct evidencing an intent to waive." *Id.* (citations omitted). The record does not establish unequivocal waiver on the part of Defendants.

The Court grants Defendants' Motion for Summary Judgment with respect to Plaintiffs' breach of implied warranty claim. This claim is time-barred because an implied warranty can never meet the explicitness requirement for future performance warranties. *See Western Recreational Vehicles, Inc. v. Swift Adhesives, Inc.*, 23 F.3d 1547, 1550-51 (9th Cir. 1994) ("Most courts have been very harsh in determining whether a warranty explicitly extends to future

---

[2] Wash. Rev. Code § 62A.2-316 provides:
> (1) Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this Article on parol or extrinsic evidence (RCW 62A.2-202) negation or limitation is inoperative to the extent that such construction is unreasonable.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7**

performance. Emphasizing the word "explicitly," they have ruled that there must be specific reference to a future time in the warranty. As a result of this harsh construction, most express warranties cannot meet the test and no implied warranties can since, by their very nature, they never "explicitly extend to future performance.").

Finally, at oral argument, Plaintiffs indicated that their breach of contract claim is based on the written warranty. Because the Court finds the warranty registration requirement is permitted under Washington law[3], and it is undisputed that Plaintiffs failed to return the warranty registration, summary judgment is appropriate on Plaintiff's breach of contract claim.

**2.     Plaintiffs' Tort Claims**

The Court grants Defendants' Motion for Summary Judgment on Plaintiffs' fraudulent concealment claims. A reasonable jury could not find that Plaintiffs can meet the elements of the claim.[4] The 1993 letter that Plaintiffs rely upon does not establish that Defendants knew there would be problems with peeling and cracking of the siding on customers' houses. Rather, the record establishes that the first warranty claim made by a customer was made in December of 1999, which is

---

[3] Pursuant to Wash. Rev. Code § 62A.2-316, Washington law permits limitations placed on express warranties. Warranty registration requirements that unequivocally notify customers that they need to return a warranty registration card are permitted under Washington law.

[4] A vendor's duty to speak arises (1) where the residential dwelling has a concealed defect; (2) the vendor has knowledge of the defect; (3) the defect presents a danger to the property, health, or life of the purchaser; (4) the defect is unknown to the purchaser; and (5) the defect would not be disclosed by a careful, reasonable inspection by the purchaser. *Alejandre v. Bull*, 159 Wash.2d 674, 689 (2007).

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8**

after the date that Plaintiffs purchased their siding.

The Court grants Defendants' Motion for Summary Judgment on Plaintiffs' misrepresentation claims.[5] A reasonable jury would not find that the alleged misrepresentations were material, or that Plaintiffs relied on the representations to their detriment.

The Court grants Defendants' Motion for Summary Judgment on Plaintiffs' negligence claim and unjust enrichment claims. These claims are preempted by the Washington Product Liability Act. *See Macias v. Saberhagen Holdings Inc.*, 175 Wash.2d 402, 409 (2012).

### 3. Plaintiffs' Washington Consumer Protection Act Claim

The Court grants Defendants' Motion for Summary Judgment on Plaintiffs' Washington Consumer Protection Act claim.[6] Plaintiffs have not shown that any Defendant engaged in an unfair or deceptive act.

---

[5] The nine elements of intentional misrepresentation, or fraud, are: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon the representation; and (9) damages suffered by the plaintiff. *West. Coast, Inc. v. Snohomish Cty.*, 112 Wash. App. 200, 206 (2002).

[6] A private plaintiff must prove five elements in an action for violating the Consumer Protection Act (CPA): (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting the public interest; (4) injuring business or property; and (5) causation. *Stephens v. Omni Ins. Co,.* 138 Wash.App. 151, 166 (2007). To prove that a practice is deceptive, neither intent to deceive nor actual deception is required. *Id.* Rather, the question is whether the conduct has the capacity to deceive a substantial portion of the public. *Id.*

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 9**

### 4. Conclusion

In this case, Plaintiffs' failure to return the warranty registration card relieved Defendants' obligations under the express warranty. Had they returned the card and followed the procedures for a claim, the record supports the conclusion that Defendants would have honored the warranty. Plaintiffs have not shown that Defendants engaged in deceptive acts, nor made any material misrepresentations upon which they relied. Consequently, summary judgment is appropriate on all of Plaintiffs' claims.

At the hearing, Defendants indicated that if Plaintiffs' claims are dismissed, the class action must be dismissed as well, as there would be no proper class representative. Plaintiffs did not dispute this premise.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Joint Motion for Summary Judgment, ECF No. 107, is **GRANTED**.

2. The District Court Executive is directed to enter judgment in favor of the Defendants and against the Plaintiffs.

3. The above-cause of action is **dismissed**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 10th day of December, 2015.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~** 10